**TRANSCONTINENTAL GAS PIPE LINE CORPORATION, Plaintiff,**

v.

**65.47 ACRES OF LAND and 106.46 Acres of Land in Forks Township, Northampton County, John C. Yautz, et al., Owners, et al., Defendants.**

Civ. A. No. 91–5953.

United States District Court,
E.D. Pennsylvania.

Nov. 12, 1991.

Mary G. March, Saul, Ewing, Remick & Saul, Malvern, Pa., for plaintiff.

Raymond J. De Raymond, De Raymond & Smith; Charles H. Spaziani; and Thomas P. Stitt, Easton, Pa., for defendants.

## MEMORANDUM

TROUTMAN, Senior District Judge.

Before the Court are the Motions of Defendant Easton Area Industrial Land Development Company to Stay Federal Proceedings and for Sanctions (Doc. # 9), of Defendants Clarence R. Reeder, Sr. and Shirley V. Reeder to Dismiss (Doc. # 10), and of Defendant Leon J. Brennan to Stay Federal Proceeding and for Sanctions (Doc. # 12)[1]. Although the motions ask for either a stay or dismissal pending the resolution of an identical state court action, the issue here involved is not a question of staying federal proceedings or a question of abstention due to state versus federal, convenience, or even "piece-meal litigation" concerns. The sole issue involved is whether the Natural Gas Act of 1938, 15 U.S.C. § 717f(h), provides for jurisdiction in this Court after plaintiff has elected to file an identical and prior state court action. For the reasons which follow, the Court will dismiss this action for a lack of subject matter jurisdiction.

### I. *Background.*

Plaintiff filed condemnation actions in the Northampton County Court of Common Pleas on August 7, 1991. Plaintiff brought these proceedings under 15 U.S.C. § 717f(h) which provides,

When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct ... a pipe line ... for the transportation of natural gas, ... it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts. The practice and procedure in any action or pro-

ceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding the courts of the State where the property is situated....

Plaintiff, a company regulated under the Natural Gas Act and a holder of a certificate of convenience from the Federal Energy Regulatory Commission, and the defendant property owners, could not agree on matters relating to the construction of a new gas pipeline through defendants' property, and as provided under the Natural Gas Act, plaintiff filed the common pleas action.

The Pennsylvania law regarding a condemnation proceeding such as is here involved is at 15 Pa.Con.Stat.Ann. § 1511(g). Pursuant to that provision, plaintiff filed with the state court a motion for approval of bond and security. Sometime about September 11, 1991, (Motion of Clarence R. Reeder, Sr. and Shirley V. Reeder to Dismiss ("Reeder Motion") (Doc. # 10), at ¶ 7), the court of common pleas denied the motion "for all the properties set forth above, and [plaintiff] was directed to file Petitions for Approval of Bond in those matters." (Plaintiff's Brief in Opposition (Doc. # 13), at 3.) Plaintiff then moved for an early hearing date which was denied, as was plaintiff's motion for reconsideration of an early hearing date. The matter was then set for hearing during the week of November 11, 1991. (Reeder Motion, at ¶ 7.) Thus, the state court has recently heard the matter.

Not content with this hearing date, plaintiff filed its identical federal action on September 23, 1991. The purported purpose of filing the federal action is to avoid "further delay" in the common pleas court. It seems that plaintiff is simply not content with the state court's denial of the bond and security and that the state court has not adjusted its calendar according to the needs and the demands of plaintiff. Nothing in the Pennsylvania procedure for the

---

1. Said motion is virtually word for word identical to the motion of Easton Area Industrial Land Development Company, Inc., and, there-fore and unfortunately, does not add any new light to the issue before the Court.

condemnation at issue provides that plaintiff is entitled to unquestioned approval of the bond it submits. If the bond and security are not adequate, the court does not have to approve them. Nor does the Pennsylvania law provide that the court is to address the matter within a certain time frame.[2]

## II. *Discussion.*

For the purposes of the current motions, the Court does not need to address issues of abstentions, granting stays, or even whether this is a quasi-appeal of "untimely" action in the state court. Rather, the only issue that needs to be addressed is whether the Court has jurisdiction over this matter once plaintiff has made a prior election to proceed in the state courts. The Court concludes that, although the Natural Gas Act gives a condemnor a choice of forum, the language of the Act provides that it is an election of one or the other, not both concurrently. Thus, once the plaintiff has chosen to proceed in either state court or federal court, the alternative forum is divested of jurisdiction under the Act.

The issue before the Court is a new one since, it seems, this particular language of the Natural Gas Act has not been interpreted in this context before. As such, and since the language is not ambiguous, the Court looks to the plain meaning of the Act. As quoted above, the Natural Gas Act provides that a condemnor may proceed "in the district court of the United States ..., or in State courts." Conspicuously absent from this language is the word "and". The use of the word "or" implies, in the most common sense and use of the word, a mutually exclusive choice. If Congress had intended to allow business-es like plaintiff to file duplicative and multiple lawsuits, to pay additional legal fees and costs, and to make excessive burdens on the legal system and taxpayers, then Congress would have added the word "and" to the Act.

The Court is convinced, especially given the current political initiative at legal reform, that Congress would not approve of legislation which contemplates the above described situation. The Report of the President's Council on Competitiveness, *Agenda for Civil Justice Reform in America, e.g.,* seeks to stem the tide of lawsuits and attendant litigation costs, particularly suits brought by individual tort plaintiffs against business. It would be unreasonable to presume that at the same time, the President's Council on Competitiveness and the current of legal reform would condone additional lawsuits with additional legal expenses brought by businesses against individuals.[3]

The simple matter is, however, that the statute says "or" alone, rather than adding "and". Plaintiff cites the latter part of the portion of the Act quoted above which states that:

> The practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in *similar action or proceeding in the courts of the State where the property is situated.*

15 U.S.C. § 717f(h). (*See,* Brief in Opposition, at 4. Emphasis supplied by plaintiff.) Plaintiff argues that the emphasized portion clearly refers to a "parallel, even duplicative action, in federal and state court." (Brief in Opposition, at 4.) This portion of

---

**2.** Scrutiny of all the events could give rise to the inference that plaintiff is really seeking an appeal in the United States District Court of the state court's proceedings to date. This clearly is not permitted. *See, Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 286, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970) ("While the lower federal courts were given certain powers in the 1789 Act, they were not given any power to review directly cases from the state courts, and they have not been given such powers since that time. Only the Supreme Court was authorized to review on direct appeal the decisions of state courts.")

**3.** In his remarks before the House of Delegates at the Annual Meeting of the American Bar Association, the Vice President of the United States cited that indirect litigation costs approach $300 billion: "This is just one part of the problem. Look at the sheer number of disputes now flowing through our judicial system. * * * In 1989 alone, more than 18 million civil suits were filed...." (Prepared Remarks by the Vice President, at 2.)

the Act, however, only means if the action is brought in federal court, the procedures should conform as nearly as possible to state proceedings; that the action should proceed as though it had been brought in state court. It does not provide for an identical and duplicative proceeding. Plaintiff's reading of this provision leaves out the concept of a "similar" or hypothetical proceeding. Congress could not have intended such a result when it expressly referred to "similar" rather than "identical".

Although concurrent jurisdiction is permitted, and may, in fact, be the presumption in certain instances, *Harris v. Pernsley*, 755 F.2d 338, 345 (3d Cir.1985); (*See also*, Brief in Opposition, at 6), the Court concludes that in the Natural Gas Act, Congress clearly provided for an elective choice of forum. Here, since plaintiff chose the state forum, the federal forum no longer has permitted jurisdiction over the matter, and hence this federal action will be dismissed.[4]

---

**4.** The various requests of defendants for sanctions will be denied. As noted, the language at issue has not been interpreted by any court before. In light of this, and in light of the arguments made on plaintiff's behalf, the federal action was not entirely frivolous or without merit. Nor can the Court find that it was vexa-

tious and intended merely to harass. With no prior precedent against it, plaintiff simply tried to use the current undetermined state of the law to its advantage, and had reason to believe that it was entitled to file this action in the district court.